THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 3PAK, LLC, d/b/a OMA BAP, HUGO PROPERTIES LLC, MOLLY MOON'S HOMEMADE ICE CREAM LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SEATTLE,<br><br>Defendant. | Case No. 2:23-cv-00540-TSZ<br><br>PLAINTIFFS' MOTION FOR JUDGMENT PURSUANT TO F.R.C.P. 54(b)<br><br>**Noted: February 16, 2024** |

PLAINTIFFS' MOTION FOR JUDGMENT
PURSUANT TO RULE 54(b)
(Case No. 2:23-cv-00540-TSZ)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## I. INTRODUCTION

Plaintiffs hereby request that the Court enter final judgment pursuant to Fed. R. Civ. Proc 54(b) on Plaintiffs' dismissed substantive-due-process, takings, and negligence claims.[1] These claims have been dismissed with prejudice, on bases that are entirely unique as to each claim, making the dismissed claims neatly and easily separable from the remaining nuisance claim. Entry of judgment on the dismissed claims would not create any risk of duplicative appeals, and there is no just reason for delay. That is especially so considering that the Court has stayed all proceedings in the case pending a decision from the Washington Supreme Court. The Court should grant 54(b) judgment to allow appeal of the dismissed claims now, rather than unnecessarily delay review of legal issues related to the claims that the Court has dismissed with prejudice.

## II. BACKGROUND

Plaintiffs 3Pak, LLC d/b/a Oma Bap ("Oma Bap"), Hugo Properties LLC ("Hugo Properties"), and Molly Moon's Homemade Ice Cream LLC ("Molly Moon's") have each stated four claims in this case: a claim for violation of their rights to substantive due process, negligence, takings, and nuisance. Dkt. 33 at ¶¶ 157-87. On August 29, 2023, the Court dismissed Oma Bap's negligence claim with prejudice. Dkt. 28 at p. 15. On January 17, 2024, the Court dismissed with prejudice the negligence claims of Hugo Properties and Molly Moon's, and dismissed with prejudice all Plaintiffs' takings and substantive-due-process claims. Dkt. 41 at 11. The Court did not dismiss Plaintiffs' nuisance claims but stayed the case pending the outcome of a pending decision of the Washington Supreme Court. *Id.*.

## III. ARGUMENT

Pursuant to Fed. R. Civ. Proc. 54(b), "[w]hen an action presents more than one claim for relief … the court may direct entry of a final judgment as to one or more, but fewer than all, claims … only if the court expressly determines that there is no just reason for delay." In

---

[1] Plaintiffs asked the City to stipulate to the entry of final judgment on these claims, but the City declined, thereby making this motion necessary.

PLAINTIFFS' MOTION FOR JUDGMENT
PURSUANT TO RULE 54(b)
(Case No. 2:23-cv-00540-TSZ) - 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

considering whether to enter such judgment, a court should consider whether the claims on which judgment would be entered are separable from the remaining claims, and whether an appellate court would have to decide the same issues more than once if there were subsequent appeals. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *Nacif v. Athira Pharma, Inc.*, No. C21-0861 TSZ, 2023 WL 2138478, at *2 (W.D. Wash. Feb. 17, 2023).

In this case, consideration of the relevant factors indicates that a Rule 54(b) judgment should be entered in this case. The claims the Court dismissed with prejudice are all legally distinct and cleanly separable from the nuisance claim. None of the legal bases for the Court's dismissal of those claims overlaps in any fashion with the legal issues raised by the nuisance claim.

The substantive-due-process claims were dismissed because the Court concluded there was a lack of actual, particularized harm as required by that claim, Dkt. 41 at pp. 6-9; the Court dismissed the takings claims because it held Plaintiffs do not satisfy the standard in *Cedar Point Nursery v. Hassid*, 141 S.Ct. 2063 (2021) and Washington does not recognize claims for temporary takings, Dkt. 28 at pp. 9-11 and Dkt. 41. at pp. 5-6; and the Court dismissed the negligence claims on the ground that Plaintiffs had not pointed to any law that was adequate to overcome Washington's public-duty doctrine that applies to negligence claims, Dkt. 28 at pp. 12-14 and Dkt. 41. at pp. 5-6. These are all pure issues of law that do not overlap with Plaintiffs' nuisance claim.

An appeal of the issues related to the dismissal of the three dismissed claims would not require the Ninth Circuit to consider any factual or legal issues related to the nuisance claim. There is, therefore, no risk that entry of 54(b) judgment on the dismissed claims would create duplicative or overlapping appeals even if there was a subsequent appeal of the nuisance claim.

There is no just reason for delay, especially given that this case is presently stayed for an indefinite period, pending the Washington Supreme Court's decision in *Campeau v. Yakima HMA LLC*, No. 102047-3. It would serve judicial efficiency to enter final judgment on the

PLAINTIFFS' MOTION FOR JUDGMENT
PURSUANT TO RULE 54(b)
(Case No. 2:23-cv-00540-TSZ) **-** 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

dismissed claims and permit an appeal of the dismissed claims now, during that stay. In addition, if the Court enters final judgment on the dismissed claims, Plaintiffs intend to seek expedited review from the Ninth Circuit to avoid any further possible delay in the resolution of this case. Therefore, rather than delay all further consideration of all issues, the entry of final judgment on the dismissed claims would allow review of those claims to proceed while the nuisance claim is stayed.

## IV.   CONCLUSION

For the reasons stated above, the Court should issue judgment pursuant to Fed. R. Civ. Proc. 54(b) on Plaintiffs' substantive-due-process, negligence, and takings claims, and expressly state in its ruling that there is no just reason for delay.

DATED this 1st day of February, 2024.

*This brief contains 835 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By */s/ Angelo J. Calfo*
   Patricia A. Eakes, WSBA No. 18888
   Angelo J. Calfo, WSBA No. 27079
   Tyler S. Weaver, WSBA No. 29413
   Gabe Reilly-Bates, WSBA No. 52257
   1301 Second Avenue, Suite 3000
   Seattle, WA 98101
   Phone:  (206) 274-6400
   Email:  patricia.eakes@morganlewis.com
               angelo.calfo@morganlewis.com
               tyler.weaver@morganlewis.com
               gabriel.reillybates@morganlewis.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR JUDGMENT
PURSUANT TO RULE 54(b)
(Case No. 2:23-cv-00540-TSZ) - 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401